United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40397
Summary Calendar
_____

RANDY BAKER,

Petitioner-Appellant,

versus

JOE D. DRIVER, Warden FCI,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CV-321
--------------------

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:[*]

Randy Baker, federal prisoner # 75188-079, was convicted of
conspiracy to possess with intent to distribute a controlled
substance and is serving a 30-year sentence in federal custody.
Baker filed an application, under 28 U.S.C. § 2241, contending that
he should have received credit against his federal sentence for
time served in state custody between the date of his arrest and the
date on which he was turned over to federal authorities to begin
serving his federal sentence.  The district court determined that

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Baker was not entitled to credit for time served in state custody related to a state parole violation. Baker contends that he should have received credit for that period because his parole was revoked as a result of the joint federal and state investigation leading to his federal conviction.  This argument is without merit.

Baker did not receive credit against his federal sentence from the date his state parole violation sentence commenced, on October 21, 1997, through the date on which he was transferred to federal custody pursuant to a federal detainer, on June 4, 2001, because that time was credited against a prior undischarged sentence.  The summary judgment evidence shows that Baker would have been required to serve the state parole violation sentence if the federal detainer had not been in place.  See Ballard v. Blackwell, 449 F.2d 868, 869 (5th Cir. 1971).  The judgment is AFFIRMED.